IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-005-RLV-DCK

| | |
|---|---|
| JASMINE M. SMITH, YENY E. WILLIAMS and MICHAEL W. WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) **ORDER** |
| TYSON FARMS, INC., d/b/a TYSON FOODS, INC., | ) ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion to Sever" (Document No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b). After careful consideration of the written arguments, record, and applicable authority, the undersigned will <u>deny</u> the motion without prejudice.

## I. BACKGROUND

Jasmine Smith ("Smith"), Yeny Williams ("Y. Williams"), and Michael Williams ("M. Williams") (collectively, "Plaintiffs") filed a "Complaint" (Document No. 1) against Tyson Farms, Inc. ("Defendant") on January 14, 2015, asserting four claims for: (1) sexual harassment and sex discrimination; (2) retaliation; (3) intentional infliction of emotional distress; and (4) negligent supervision and retention. (Document No. 1, pp.8-14).

On or about October 17, 2012, Smith, a 23-year-old female employed by Defendant as an X-Ray employee, was first approached by her Supervisor in the packaging department, Keith Miller ("Miller"). (Document No. 1, ¶¶21, 24). While at work, Miller told Smith that he "wanted to eat her like a jelly filled doughnut, inside out." (Document No. 1, ¶25). On or about October

23, 2012, Miller approached Smith again at work and said "The things I would do to you if I could take you home, let me take you home." (Document No. 1, ¶26). Smith reported the statements to Shift Manager Tim Shell ("Shell"), who in turn reported the statements to Human Resources Manager Brent West ("West"). (Document No. 1, ¶28). About three days later, West told Smith that she was a "bad worker" and a "liar" and suspended her for five days while Defendant investigated the incidents. (Document No. 1, ¶29).

Defendant fired Smith on October 31, 2012. (Document No. 1, ¶30). Smith filed suit against Defendant for all four claims: sexual harassment and sex discrimination, retaliation, intentional infliction of emotional distress, and negligent supervision and retention. (Document No. 1). Smith contends that Defendant fired her for making the sexual harassment complaint against Miller. (Document No. 1).

Y. Williams, a 41-year-old female employed by Defendant in Quality Assurance, overheard Miller make the statement to Smith on October 17, 2012, and she advised Smith to report the statement to Human Resources. (Document No. 1, ¶¶35, 36). On or about October 24, 2012, West called Y. Williams into a meeting with him. (Document No. 1, ¶38). During the meeting, Y. Williams confirmed that she heard Miller make the statement. (Document No. 1, ¶38). A few days later, Miller approached Y. Williams at work and told her, "I would love to have a real woman like you." (Document No. 1, ¶39). Miller stuck out his tongue and flicked it in an "obscene" manner at Y. Williams any time she looked in his direction after the incident. (Document No. 1, ¶40).

On or about October 26, 2012, West suspended Y. Williams while Defendant investigated the incident and told her that "he would make sure [Y. Williams] was discharged for falsely accusing Miller of sexual harassment." (Document No. 1, ¶¶41, 42). Defendant fired Y. Williams

on October 31, 2012. (Document No. 1, ¶43). Y. Williams filed suit against Defendant for all four claims. (Document No. 1). Y. Williams contends that Defendant fired her for making the sexual harassment complaint against Miller. (Document No. 1).

M. Williams, a 43-year old man employed by Defendant as a general production manager for more than twenty years, was suspended by Complex Manager Bob Johnson ("Johnson") and Human Resources Manager Debbie Shew ("Shew") on or about December 28, 2012, after a pair of knives went missing a few days beforehand. (Document No. 1, ¶¶ 49. 50).[1] West allegedly fired M. Williams on January 3, 2013, based on the incident, as well as two previous write-ups. (Document No. 1, ¶52). M. Williams was the only general production manager suspended and subsequently fired at the time, even though other general production managers had at least three write-ups.[2] (Document No. 1, ¶54). M. Williams contends Defendant fired him out of retaliation for his wife's sexual harassment complaint against Miller. (Document No. 1, ¶¶56-58). He filed suit against Defendant for the retaliation claim. (Document No. 1).

Plaintiffs each filed a "Charge of Discrimination" against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). (Document No. 1, ¶15). Smith and Y. Williams filed on January 15, 2013, and M. Williams filed on April 4, 2013. (Document No. 1. ¶16). On October 14, 2014, the EEOC mailed Plaintiffs "Notices of Rights to Sue." (Document No. 1, ¶17). This suit subsequently was filed with this Court on January 14, 2015. (Document No. 1).

Defendant filed its "Motion to Sever" (Document No. 8) and "Memorandum in Support of Motion to Sever" (Document No. 9) on March 27, 2015. Plaintiffs filed "Plaintiffs' Opposition to

---

[1] M. Williams is Y. Williams' husband. (Document No. 1, ¶56).
[2] Other general production managers were either placed on probation or performance improvement plans for their write-ups. (Document No. 1, ¶54).

Defendant's Motion to Sever" (Document No. 13) on April 13, 2015. Defendant filed "Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion to Sever" (Document No. 14) on April 23, 2015. The case was assigned to the Honorable Judge Richard Voorhees and referred to Magistrate Judge David Keesler on January 15, 2015. The pending motion is ripe for disposition.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 20(a)(1) provides that individuals may join in one action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" **and** "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A); Fed. R. Civ. P. 20(a)(1)(B). Moreover, a court "**may** issue orders—including an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20(b) (emphasis added). Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court **may** also sever any claim against a party." Fed. R. Civ. P. 21 (emphasis added).

District courts have broad discretion in determining the permissive joinder of parties or claims. See Aleman v. Chugach Support Servs., 485 F.3d 206, 218 n.5 (4th Cir. 2007). If plaintiffs are improperly joined, the court should not dismiss the misjoined parties but rather sever all misjoined claims. Costanzo v. Synovus Fin. Corp., No. 1:10-cv-275, 2012 WL 2804842 at *1 (W.D.N.C. July 10, 2012) (citing Grennell v. Western Southern Life Ins. Co., 298 F. Supp. 2d 390, 399 (S.D.W. Va. 2004)). Whether claims are properly joined is a case-by-case determination for the district courts. Aleman, 485, F.3d at 218 n.5. District courts should consider whether the risks

or prejudice and possible jury confusion outweigh the "the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

### III. DISCUSSION

The issue before this Court is whether M. Williams' retaliation claim should be severed from the claims of Smith and Y. Williams into a separate action. The undersigned finds that M. William's claim should not be severed from the other claims because all claims appear to arise out of the same transaction or occurrence, and questions of law or fact are common to all Plaintiffs as required by Federal Rule of Civil Procedure 20. The Court will not sever claims at this time.

Defendant argues in its motion that M. Williams' retaliation claim should be kept separate from Smith and Y. Williams' claims because his claim did not arise out of the same transaction or occurrence and there were no questions of law or fact common to all Plaintiffs. (Document No. 9, pp.5-9). Instead, Defendant argues that M. Williams' claim involved distinct allegations and events. Defendant notes, for example, that M. Williams worked in a different department; was a member of management; was terminated two months after the other plaintiffs; had different witnesses and evidence in his termination; had no involvement in the internal harassment claims by the other plaintiffs; and had no involvement in the termination of the other plaintiffs. (Document No. 9, p.1).

Defendant contends that because of the distinctions between the claims, there is a high risk of jury confusion and prejudice which would outweigh judicial economy in this matter.

(Document No. 9, p.6). Defendant concludes that to avoid jury confusion and prejudice, the Court should hold two separate mini trials instead of one trial. (Document No. 9, p.6-9).

Plaintiffs, on the other hand, argue that all claims arise from the same transaction or occurrence—retaliation for sexual harassment at Defendant's Wilkes County, North Carolina plant. (Document No. 13, pp.2-4). Plaintiffs challenge Defendant's argument that there is a high risk of jury confusion and prejudice in the matter. (Document No. 13, pp.2-4). Plaintiffs contend that the facts of the transaction or occurrence at issue are relatively simple and involve few fact witnesses. (Document No. 13, pp.2-4). Thus, holding two separate mini-trials would waste judicial resources. (Document No. 13, pp.2-4). Moreover, if the Court did hold two jury trials, both juries would hear from the same fact witnesses for all of the occurrences between October 2012 and January 2013 as set forth in the Complaint. (Document No. 13, pp.2-4). Plaintiffs therefore conclude that the Court should keep the claims together and hold only one trial. (Document No. 13, p.4).

The undersigned finds that all of Plaintiffs' claims appear to arise out of the same transaction or occurrence and that questions of law or fact also are common to all Plaintiffs—retaliation in the workplace for sexual harassment complaints reported during Fall 2012 at Defendant's Wilkes, County, North Carolina plant. Plaintiffs' Complaint alleges the same motivating factors for dismissal. Furthermore, the Court likely will hear similar evidence and testimony for the claims from the same fact witnesses at trial. As the matter is currently postured, the undersigned finds that judicial expediency outweighs jury confusion and possible prejudice. Therefore, Plaintiffs claims should not be severed at this time. Following discovery, Defendant may renew its motion, if appropriate.

## IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Sever" (Document No. 8) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall conduct an Initial Attorney's Conference ("IAC") within **fourteen** days. Local Rule 16.1(A). A Certificate of Initial Attorney's Conference shall be filed within **seven** days of the IAC. Local Rule 16.1(B).

**SO ORDERED.**

Signed: July 20, 2015

David C. Keesler
United States Magistrate Judge